IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASI, LLC a Utah limited liability company as assignee of DONNA CHRISTENSEN, an individual, and MOUNTAIN VIEW HOSPITAL, an Idaho limited liability company,<br><br>                 Plaintiffs,<br>v.<br><br>BOULDER ADMINISTRATION SERVICES, INC., a Montana corporation, and ALPINE HOME CARE, a Utah limited liability company,<br>                 Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No.1:11cv00026-DN<br><br>District Judge David Nuffer |

Defendants' Motion for Summary Judgment is decided in this order.[1] The motion was not opposed. After reviewing Defendants' Motion and supporting materials, the motion is GRANTED.

**Background**

Plaintiffs Donna Christensen ("Christensen"), Mountain View Hospital ("Mountain View"), and ASI, LLC ("ASI") brought this action as the result of an insurance dispute with defendants Boulder Administration Services, Inc. ("Boulder") and Alpine Home Care ("Alpine"). Christensen is the beneficiary of a self-funded employee welfare benefits plan (the "Plan") that Alpine both sponsors and administers.[2] Boulder is the claims administrator for the

---

[1] Defendants' Motion for Summary Judgment ("Motion"), docket no. 25, filed March 5, 2012.

[2] Memorandum Supporting Defendants' Motion for Summary Judgment ("Supporting Memorandum"), docket no. 26, filed under seal March 5, 2012 at 2 ¶ 3-4.

1

Plan.[3] ASI is a third party collection company that specializes in recovering money from denied claims for benefits.[4] The case is brought under ERISA, 29 U.S.C. §1132(e)(1).

Christensen was involved in a motorcycle accident in 1978 and sustained crushing injuries to her leg.[5] In March 2009, Christensen presented at Mountain View with an ulcerated wound on her leg near the site of the injuries she sustained in the motorcycle crash.[6] After conventional treatment was not successful in fully healing Christensen's wounds, the physician's assistant attending to Christensen prescribed a regime of 20-40 treatments of "Hyperbaric Oxygen Therapy Gas 100%."[7] Christensen received 40 hyperbaric oxygen treatments from Mountain View over the course of approximately three months.[8] The total cost for this treatment was $95,718.16.[9] Mountain View billed Boulder for the hyperbaric oxygen treatments Christensen received.[10]

Boulder submitted the claim for benefits for an independent medical review regarding the medical necessity of the treatment.[11] The report from the independent medical review indicated hyperbaric oxygen therapy was not medically necessary for Christensen's wounds.[12] Boulder denied coverage for the hyperbaric oxygen treatments based on the independent medical review's determination the treatment was not medically necessary.[13] Christensen and Mountain

---

[3] Supporting Memorandum at 2, ¶ 5.

[4] *Id*. at 2, ¶ 2.

[5] First Amended Complaint ("Complaint"), docket no. 7, filed March 15, 2011; Supporting Memorandum at 4 ¶ 14.

[6] Complaint at 2, ¶ 10.

[7] Supporting Memorandum at 5, ¶ 19.

[8] *Id*. at 5, ¶ 22.

[9] *Id*.

[10] *Id*.

[11] *Id*. at 6, ¶ 26.

[12] *Id*. at 6-7, ¶ 27.

[13] *Id*. at 7.

View appealed the denial of benefits and Boulder submitted the matter to a second independent medical examiner for review.[14] The second independent medical review also concluded hyperbaric oxygen treatment was not indicated for Christensen's wounds and was, therefore, not medically necessary.[15]

After unsuccessful attempts to engage Boulder in mediation, Christensen filed this action.[16] Defendants seek summary judgment.

## Discussion

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] In applying this standard, the Court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[18] However, "the nonmoving party must present more than a scintilla of evidence in favor of his position."[19] A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[20]

Under DUCivR 56-1(c), "[a]ll material facts of record meeting the requirements of Fed. R. Civ. P. 56 that are set forth with particularity in the statement of the movant will be deemed admitted for the purpose of summary judgment, unless specifically controverted by the statement of the opposing party identifying material facts of record meeting the requirements of Fed. R.

---

[14] Supporting Memorandum at 7, ¶¶ 28, 31, 32.

[15] *Id.* at 8, ¶ 34.

[16] Complaint at 4, ¶ 25.

[17] Fed. R. Civ. P. 56(a).

[18] *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1204 (10th Cir. 2011) (internal quotations omitted).

[19] *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011).

Civ. P. 56."[21] Because Plaintiffs failed to file an opposition memorandum, all facts in Defendants' Statement of Undisputed Facts[22] are deemed admitted under DUCivR 56-1(c).

### A. Standing

Defendants argue ASI does not have standing to bring this lawsuit because (1) ASI does not, under the statute, qualify as either a "participant" or a "beneficiary" and was never validly designated as an assignee of the Plan's benefits and, (2) even if ASI had been designated as an assignee, the express language of the policy forbids such a designation.[23]

### 1. Statutory Definitions

Under 29 U.S.C § 1132(a)(1), a "civil action may be brought by a participant or beneficiary"[24] A "participant," under the statute, is

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.[25]

Moreover, the statute defines a "beneficiary" as "a person designated by a participant . . . who is or may become entitled to a benefit thereunder."[26]

Because ASI was never an employee of Alpine Home Care, it does not meet the statutory definition of a Plan participant and does not have standing to assert claims as such. Further, ASI is not a beneficiary of the Plan because it was not designated as a beneficiary by a plan

---

[21] DUCivR 56-1(c).

[22] Supporting Memorandum at 2-8.

[23] *Id.* at 9-10.

[24] 29 U.S.C. § 1132(a)(1). (Internal punctuation omitted.)

[25] 29 U.S.C. § 1002(7).

[26] 29 U.S.C. § 1002(8).

participant or by the terms of the plan. Because ASI is neither a participant nor a beneficiary of the Plan, it does not have standing to assert ERISA claims.

### 2. Assignment of Benefits

ERISA is silent as to the "issue of assignability of benefits in *insurance* plans. By contrast, ERISA specifically bars the assignment of benefits obtained under *pension* plans."[27] The Tenth Circuit has interpreted the silence regarding the assignability of benefits in insurance plans to mean this issue is left to "the free negotiations and agreement of the contracting parties."[28]

Defendants argue that even if Christensen could show she attempted to assign plan benefits to ASI, the express language of the Plan does not allow for such an assignment to ASI. "The benefits of the Plan may be assigned only to a provider of medical services or supplies. There is no guarantee that an assignment is valid under this Plan. In any circumstance that assignment is not valid or assigned benefits are paid in error, the Participant is financially responsible to the provider of medical services for the Expense incurred and the Plan has the right to recover such payment."[29] Defendants argue ASI is a collections company that specializes in collecting benefits that have been previously denied[30] and is not a provider of medical services or supplies.[31]

---

[27] *St. Francis Reg. Med. Center v. Blue Cross and Blue Shield of Kan., Inc.*, 49 F.3d 1460, 1464 (10th Cir. 1995)(emphasis added).

[28] *Id*.

[29] Exhibit "A" to Supporting Memorandum ("Exhibit A"), docket number 27, filed under seal March 5, 2012, at BAS000131.

[30] Supporting Memorandum at 2, ¶ 2 and at 10.

[31] Supporting Memorandum at 10.

Because the express language of the plan prohibits the assignment of benefits to any person or entity other than a provider of medical services or supplies, there is no valid assignment to ASI. Therefore, ASI does not have standing to assert a claim under ERISA.

**B. Standard of Review of Christensen's Claim**

The Tenth Circuit has held "[a] court reviewing a challenge to a denial of employee benefits under 29 U.S.C. § 1132(a)(1)(B) applies an 'arbitrary and capricious' standard to a plan administrator's actions if the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the plan's terms." Under the arbitrary and capricious standard, "the decision will be upheld so long as it is predicated on a reasoned basis."[32] In determining the reasonableness of a decision, the Tenth Circuit has stated that a "lack of substantial evidence often indicates an arbitrary and capricious decision."[33] Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion.[34] Substantial evidence requires less than a preponderance, but more than a scintilla.[35]

The court must determine whether the policy gives (1) Boulder the requisite discretionary authority to determine eligibility for benefits or to construe the terms of the policy, and, if so, (2) whether the decision by Defendants to deny coverage for the hyperbaric oxygen treatment was arbitrary and capricious. In this case, the Plan states the "Plan Administrator has the discretionary authority to decide whether care or treatment is "'Medically Necessary."[36] Thus, the standard of review is arbitrary and capricious.

---

[32] *Adamson v. Unum Life Ins. Co. of America*, 455 F.3d 1209, 1212 (10th Cir. 2006).

[33] *Adamson*, 455 F.3d at 1212; *see Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 382 (10th Cir. 1992).

[34] *Adamson*, 455 F.3d at 1212; *Sandoval*, 967 F.2d at 382.

[35] *Adamson*, 455 F.3d at 1212; *Sandoval*, 967 F.2d at 382.

[36] Exhibit A at BAS000038 and related argument in Supporting Memorandum at 11.

Defendants argue Boulder's decision to deny coverage of the hyperbaric treatment is supported by substantial evidence. First, the Plan expressly states that "Covered Charge(s) means those Medically Necessary services or supplies that are covered under this plan."[37] The Plan sets out specific criteria which must be met in order for treatment to qualify as "Medically Necessary."[38] A physician's recommendation or approval of a treatment does not automatically render the treatment "Medically Necessary."[39] Second, the Plan grants the Plan Administrator discretionary authority to determine whether treatment is medically necessary stating: "The Plan Administrator has the discretionary authority to decide whether care or treatment is Medically Necessary."[40] Third, an independent medical review commissioned by Defendants determined hyperbaric oxygen therapy is not medically necessary for crushing wounds that occurred more than twenty years earlier.[41] Finally, when Christensen appealed the denial of coverage, a second independent medical review also concluded the treatment was not medically necessary.[42] As Defendants argue, the Plan clearly vests in Boulder the discretionary authority to determine the medical necessity of particular treatments.[43] Moreover, under the arbitrary and capricious standard of review, these facts provide a reasonable basis on which Boulder could deny coverage of the hyperbaric oxygen treatments for Christensen's injuries.

In conclusion, the decision to deny coverage was not arbitrary and capricious based on the evidence presented and, therefore, summary judgment in favor of Defendants is appropriate.

---

[37] Exhibit A at BAS000035.

[38] *Id*. at BAS000038.

[39] Exhibit A at BAS000038 and Supporting Memorandum at 3, ¶ 8.

[40] Exhibit A at BAS000038.

[41] *Id*. at 6, ¶ 27(a).

[42] *Id*. at 8, ¶ 34.

[43] Exhibit A at BAS000038 and related argument in Supporting Memorandum at 11.

## ORDER

For the reasons stated herein,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment[44] is GRANTED.

Signed June 18, 2012.

BY THE COURT

District Judge David Nuffer

---

[44] Motion, docket no. 25, March 5, 2012.